UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN R. REICHHART,<br><br>  Plaintiff,<br><br>  v.<br><br>WESTVILLE CORRECTIONAL<br>FACILITY STAFF, et al.,<br><br>  Defendants. | CAUSE NO. 3:20-CV-532-JD-MGG |

OPINION AND ORDER

Justin R. Reichhart, a prisoner without a lawyer, filed this lawsuit alleging that the defendants were deliberately indifferent to his safety following an attack by inmates. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Reichhart indicates that he could have filed a grievance, but he did not because staff would deny that the events happened or not respond. ECF 2 at 37. Prisoners, however, are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524, *citing Booth v. Churner*, 532 U.S. at 741.

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. at 525. Even if Reichhart believed that submitting a timely grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try.").

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks

discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535. Reichhart admits in his complaint that he did not exhaust his administrative remedies before filing suit. Therefore, this case cannot proceed. If Reichhart can exhaust his administrative remedies, he may file a new lawsuit.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on July 27, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT